IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVELLE DESHAUN WOODARD,

    **Petitioner,**

v.

    Case No. 24-CV-02143-SPM

DANIEL SPROUL,

    **Respondent.**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Petitioner Marvelle Deshaun Woodard, an inmate currently incarcerated at the United States Penitentiary in Marion, Illinois, brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 6). He challenges the BOP's calculation of his sentence and its failure to credit him with time served.

  The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases.

  The calculation, including the execution of a federal prisoner's sentence, can be challenged in a Section 2241 petition. See *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). It is not plainly apparent that Woodard is not entitled to

habeas relief. Without commenting on the merits of Woodard's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before December 9, 2024. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Woodard is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  November 8, 2024

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
