IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVELLE DESHAUN WOODARD,

    Petitioner,

v.

DANIEL SPROUL,

    Respondent.

Case No. 24-CV-02143-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 brought by Petitioner Marvelle Deshaun Woodard, an inmate at Federal Correctional Institution Marion ("FCI Marion"). (Doc. 6). In his Petition, Woodard argues that he should receive credit against his thirty-seven-month federal prison sentence for time spent in Kentucky state custody and detention. (*Id.*). Furthermore, he argues that because the Bureau of Prisons ("BOP") did not properly apply credit toward his prison sentence, he should be granted immediate release with a deduction of "extra-time spent incarcerated" to be applied towards his supervised release. (*Id.*, p. 13). For the following reasons set forth below, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Woodard was arrested by state law enforcement on February 2, 2021, and held in custody. (Doc. 14, p. 2–3). Woodard remained in state custody until he was temporarily transferred to federal authorities pursuant to a writ of Habeas Corpus ad prosequendum following a federal indictment for Possession of a Firearm by a

Prohibited Person on January 17, 2022, in the United States District Court of Kentucky (Case No. 21-CR-21-GNS). (See *id.*, p. 3). On February 7, 2023, while still in temporary federal custody, Woodard was sentenced to a thirty-seven-month term of imprisonment on his federal charge and was returned to Kentucky state authorities on February 14, 2023. On May 31, 2023, Woodard was sentenced to a five-year term of imprisonment by the Kentucky state court (Case No. 21-CR-0050) to run concurrent with his federal sentence. (*Id.*, Ex. A, p. 26). He was awarded 838 days of prior custody (from February 2, 2021, through May 20, 2023) towards his state sentence. (*Id.*, p. 5).

Woodard completed his five-year term of imprisonment imposed by the Kentucky state court and was released into the custody of the U.S. Marshals on August 1, 2023. (*Id.*, Ex. A, p. 30–31). The BOP granted Woodard ten days credit for time in state custody as well as 166 days of earned and projected good conduct time credit. The BOP projects that Woodard will be released on March 8, 2026. (*Id.*, Ex. A, p. 4).

Woodard filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2441 on September 9, 2024. (Doc. 6). Respondent Daniel Sproul filed a response on December 3, 2024. (Doc. 14).

### APPLICABLE LEGAL STANDARDS

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Attorney General, acting through the BOP, calculates a defendant's

sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335).

Generally, the BOP's sentencing calculation is governed by 18 U.S.C. § 3585, which provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Section 3585(b) governs credit for time served before the commencement of a federal sentence:

> (b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

*Id.* (emphasis added).

## ANALYSIS

Woodard's argument that he is entitled to additional credit against his federal sentence lacks merit.

I.      **Doctrine of Primary Custody**

Woodard argues that his federal sentence should be deemed to have commenced at the beginning of his state custody (Doc. 6, pp. 11–12), while Sproul contends that the federal sentence lawfully began on August 1, 2023—the date of his transfer to exclusive federal custody following the completion of his state sentence. (Doc. 14, p. 4). In addition, Woodard claims he is entitled to credit for the time spent in temporary federal custody under the writ of habeas corpus ad prosequendum. (Doc. 6, p. 11–12). Sproul disagrees, maintaining that Woodard was merely "borrowed" by federal authorities and that Woodard remained in primary custody throughout that period. (Doc. 14, p. 4).

The BOP has the authority to determine when a sentence begins to run. *See Ponzi v. Fesseden,* 258 U.S. 25, 260–261 (1922). The question of when a federal sentence begins to run is governed by 18 U.S.C. § 3585(a) and by the doctrine of primary custody. *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). This rule dictates that "an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him." *Id.*

In general, the sovereign that first arrests a defendant takes primary custody over him. *Id.* The transfer of a prisoner pursuant to a writ of habeas corpus ad prosequendum does not operate as a transfer of primary custody. *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999). To the contrary, the arresting sovereign retains primary custody "until it relinquishes its priority." *Pope*, 889 F.3d at 415.

Although a federal sentence usually commences on the date the defendant is received into custody awaiting transportation to the official detention facility at which the sentence is to be served, there are some caveats and exceptions. 18 U.S.C. § 3585(a). Indeed, the BOP has authority to utilize the date upon which the federal sentence was imposed to treat a prisoner as having begun his federal sentence prior to arriving at a designated federal facility. 18 U.S.C. § 3621. This is generally referred to as a "nunc pro tunc" designation.

Although Woodard was in the temporary custody of the U.S. Marshalls from January 17, 2022, to February 14, 2023, he was detained pursuant to the writ, and as such, he remained in the primary custody of Kentucky state officials. (Doc. 14, p. 4); See *Herschberger*, 173 F.3d at 1061 n.1. Then, once Woodard entered exclusive federal custody on August 1, 2023, his federal sentence commenced. Therefore, although Woodard was sentenced in federal court on February 7, 2023, his federal sentence did not commence until he was transferred into federal custody on August 1, 2023. (Doc. 14, p. 4).

Furthermore, the Sentence Computation Manual provides that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *See* BOP Program Statement 5880.28; *Manuel v. Terris*, 803 F.3d 826, 827 (7th Cir. 2015). Woodard was taken into state custody well before he received his federal sentence on February 7, 2023. As such, Woodard is incorrect in averring that commencement of his federal sentence began when he was taken into state custody.

## II. Doctrine of Prior Custody

Woodard avers that his federal sentence must run concurrently with his state sentence as ordered by the Kentucky court. (Doc. 1, p. 12). Sproul responds that Woodard is precluded from receiving credit for time already credited against a separate sentence. (Doc. 14, p. 5).

Whether multiple prison sentences run concurrently or consecutively is governed by 18 U.S.C. §3584, which provides in relevant part that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. §3584(a). In this case, the federal sentencing judge, U.S. District Court Chief Judge Greg N. Stivers, did not specify whether the sentence was to run concurrently to the state sentence. (*See* Doc. 14, p. 5; *see also* Doc. 14, Ex. A, p. 45–46).

The BOP has discretion under 18 U.S.C. § 3621(b) to retroactively designate a state facility for service of a federal sentence. While the BOP may evaluate the statutory factors, they may not infer that a federal sentence should run consecutively simply because the federal sentencing court was silent on the matter, when the defendant has not yet received a state sentence at the time of the federal sentencing. *Setser v. United States*, 566 U.S. 231, 239 (2012); *Pope*, 889 F.3d at 417. Because the BOP requested the federal sentencing court's position on retroactive designation of the state institution for concurrent service of the federal sentence—and received no response—it properly proceeded to evaluate the factors outlined in 18 U.S.C. § 3621(b). These include: (1) the resources of the facility considered; (2) the nature and circumstances of the offense; (3) the prisoner's history and characteristics; (4) any

statement by the sentencing court—(A) regarding the purposes for the sentence or (B) recommending a specific type of correctional facility; and (5) any relevant policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2).

In this case, the BOP found factors (2), (3), and (4) to be particularly relevant in making the determination that Woodard should not receive retroactive designation. (Doc. 14, pp. 6–7). With this determination in mind, it correctly computed Woodard's federal sentence as running consecutive to his five-year state sentence, with the federal sentence commencing on August 1, 2023—the date Woodard entered exclusive federal custody. And while Woodard insists in his petition that the BOP disregarded the state judge's sentencing order regarding having his sentence run concurrent with the federal sentence, Woodard's interpretation of the state judge's order is incorrect. The state court ordered the state sentence to run concurrently with the federal sentence—not the other way around. (Doc. 14, Ex. A, p. 26). Authority to dictate how a federal sentence is to be served lies solely with the federal sentencing court.

As previously mentioned, 18 U.S.C. § 3585(b) states in part that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*" with the exception of time credits under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) (emphasis added); *see* BOP Program Statement 5880.2. Because Woodard was awarded 838 days of prior custody credit beginning February 2, 2021, through May 20, 2023, toward his state sentence, this

time is not creditable against his federal sentence. For these reasons, Woodard has failed to demonstrate that he is entitled to habeas corpus relief.

## Conclusion

For the reasons set forth above, Marvelle Deshaun Woodard's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case on the Court's docket.

If Woodard wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: July 23, 2025**

                                                **s/ *Stephen P. McGlynn***
                                                **STEPHEN P. McGLYNN**
                                                **U.S. District Judge**